UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America, | Case No. 20-cr-0052 (WMW/ECW) |
| Plaintiff, | |
| v. | **ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION** |
| Steven Michael Lincoln, | |
| Defendant. | |

---

This matter is before the Court on Defendant Steven Michael Lincoln's motion to revoke the March 2, 2020 detention order of United States Magistrate Judge David T. Schultz that committed Lincoln to the custody of the United States Attorney General pending trial. (Dkt. 14.) For the reasons addressed below, Lincoln's motion to revoke detention is denied.

## BACKGROUND

Plaintiff United States of America charged Lincoln by criminal complaint on February 11, 2020, with three counts of unlawful possession of a firearm by a felon, violations of 18 U.S.C. §§ 922(g)(1), 924(a)(2). Lincoln made his initial appearance on February 14, 2020, and the United States moved for his temporary detention, which the magistrate judge granted. On February 19, 2020, Magistrate Judge Schultz held a detention hearing. Special Agent Kylie Williamson of the Bureau of Alcohol, Tobacco, Firearms and Explosives testified regarding the facts and circumstances of each of the three firearms-possession charges and the searches of Lincoln incident to his arrests.

Each incident allegedly involved possession of narcotics, indicia of distribution or sale of narcotics, and possession of ammunition. On one such occasion, Lincoln also allegedly possessed body armor and several loaded high-capacity magazines. And during two of these arrests, Lincoln allegedly provided a false name and date of birth to police.

The Pretrial Services Report indicates that Lincoln has two prior felony domestic-violence convictions, has several pending criminal charges in state court in addition to those at issue here, has failed to appear for multiple state-court proceedings, has had at least 14 warrants issued for his arrest, and has incurred at least 10 supervised-release or probation violations. Magistrate Judge Schultz concluded that probable cause exists to support the current charges and that no condition or combination of conditions will reasonably assure the safety of the community if Lincoln were released pending trial.

On March 4, 2020, a grand jury returned an eight-count indictment, charging Lincoln with: being a felon in possession of a firearm on four separate occasions; possessing with intent to distribute a Schedule II controlled substance (cocaine); carrying and possessing firearms during and in relation to, and in furtherance of, a drug-trafficking crime; possessing an unregistered firearm; and unlawful possession of body armor by a felon. On March 10, 2020, Lincoln moved to revoke the detention order. The United States opposes Lincoln's motion.

## ANALYSIS

A person ordered detained by a magistrate judge "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court conducts a *de novo* review of the

magistrate judge's detention order and can consider grounds other than those considered by the magistrate judge. *United States v. Maull*, 773 F.2d 1479, 1484 (8th Cir. 1985) (en banc).

A court shall order the detention of a defendant if the court either finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community or finds by a preponderance of the evidence that no such conditions will reasonably assure the defendant's appearance at future proceedings. *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986) (acknowledging that "either danger to the community or risk of flight is sufficient to authorize detention"). When determining whether pretrial detention is appropriate, a district court considers (1) the nature and circumstances of the alleged crime, including whether it is a crime of violence or involves a firearm; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including mental condition, employment, community ties, financial resources, and past conduct; and (4) the seriousness of the danger to the community or to any individual. *See* 18 U.S.C. § 3142(g); *Abad*, 350 F.3d at 797.

Lincoln argues that the United States did not present clear and convincing evidence that Lincoln's release would result in a danger to the community. He contends that there are conditions that, if imposed, would meet the requirements for release under 18 U.S.C. § 3142, including the combination of placing him on location monitoring and permitting him to reside with his sister. Lincoln was charged with an offense under the Controlled Substance Act that carries a maximum term of imprisonment of ten years or

greater. 21 U.S.C. § 841(b)(1)(C). In such circumstances, there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance at future proceedings and the safety of the community.[1] 18 U.S.C. § 3142(e)(3)(A).

In "a presumption case such as this, a defendant bears a limited burden of production—not a burden of persuasion—to rebut that presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight." *Abad*, 350 F.3d at 797 (internal quotation marks omitted). And even when the defendant has met the burden of production relating to these two factors, the presumption favoring detention remains a factor that the district court weighs. *Id.* Here, Lincoln acknowledges neither this presumption nor the eight-count indictment against him. The only evidence that Lincoln addresses that might arguably rebut the presumption favoring detention is the fact that he was released by the state court and he did not harm or threaten anyone thereafter. Even if this evidence were sufficient to rebut the presumption that Lincoln presents a danger to the community, he produces no evidence to rebut the presumption that he is a flight risk.

Lincoln argues that "the Court has already determined [he] is not a flight risk." But a district court may "review grounds other than those considered by the magistrate [judge]." *Maull*, 773 F.2d at 1484. While the magistrate judge ordered Lincoln detained

---

[1]   Lincoln also is charged with possessing firearms in furtherance of a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A), which carries the same rebuttable presumption. 18 U.S.C. 3142(e)(3)(B).

because no conditions would reasonably assure the safety of the community, the preponderance of the evidence establishes that Lincoln also poses a risk of flight.

Lincoln potentially faces a guidelines sentence of 130 to 147 months' imprisonment; he has been the subject of at least 14 arrest warrants, at least 5 of which were for his failure to appear; he has violated his supervised-release or probation conditions on at least 10 occasions; he has provided aliases and false identification to law enforcement; and when he was arrested in February 2020, he possessed multiple bank cards and checks that were issued to others.  For these reasons, the Court concludes that the United States has proven by a preponderance of the evidence that Lincoln poses a risk of flight.

## ORDER

Based on the foregoing analysis and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Steven Michael Lincoln's motion to revoke detention, (Dkt. 14), is **DENIED**.  Lincoln shall remain in the custody of the United States Attorney General for confinement pending trial.

Dated:  April 20, 2020                                              s/Wilhelmina M. Wright
                                                                                   Wilhelmina M. Wright
                                                                                   United States District Judge